# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

United States of America,

v.

Mykell Reneesha Uneek Hawes,

Defendant.

Case No. 2:20-cr-187(2)

Judge Michael H. Watson

## ORDER

Mykell Reneesha Uneek Hawes ("Defendant") disputed the finding in the Presentence Investigation Report ("PSR") that the additional 35.25 pounds of suspected methamphetamine should be attributed to her and factored into her base offense level. During the sentencing hearing, the Court heard arguments and reviewed evidence from both parties on the matter. Pursuant to Federal Rule of Criminal Procedure 32(i), and for the reasons explained at the hearing, the Court finds that the Government did not show by a preponderance of the evidence that the 35.25 pounds of methamphetamine is attributable to Defendant. The Court further concludes that the factual findings in the PSR are accurate, but that those facts do not support attributing the 35.25 pounds of methamphetamine to Defendant by a preponderance of the evidence. Accordingly, the Court did not include that amount when calculating Defendant's base offense level.

Defendant also disputed the finding in the PSR that Defendant maintained a premises for the purpose of distributing a controlled substance. During the

sentencing hearing, the Court heard arguments from both parties on the matter. Pursuant to Federal Rule of Criminal Procedure 32(i), and for the reasons explained at the hearing, the Court finds that, at least for the purposes of sentencing, the Government proved by a preponderance of the evidence that Defendant maintained a premises for the purpose of distributing a controlled substance. The Court further concludes that the factual findings in the PSR are accurate with respect to the maintenance of the premises, and the Court relied on the same for sentencing.

Defendant further disputed the characterization of her as an organizer or leader. During the sentencing hearing, the Court heard arguments and reviewed evidence from both parties on the matter. Pursuant to Federal Rule of Criminal Procedure 32(i), and for the reasons explained at the hearing, the Court finds Defendant was a manager or supervisor, rather than an organizer or leader. Accordingly, the Court factored in a three-level role enhancement, rather than the four-level enhancement that was in the PSR.

Finally, Pursuant to the Sentencing Guidelines that went into effect today, November 1, 2023, the court found that no additional status points were applicable under § 4A1.1(e). Therefore, the Court found a total criminal history of four, rather than six, points.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**