**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**United States of America,**

**v.**                                                    **Case No. 2:20-cr-187(2)**

**Mykell Reeneesha Uneek Hawes,**              **Judge Michael H. Watson**

**Defendant.**

## OPINION AND ORDER

The Court sentenced Mykell Reeneesha Uneek Hawes ("Defendant") to a total of 132 months' imprisonment and three years' supervised release after she pleaded guilty to conspiring to possess with intent to distribute and to distribute controlled substances and conspiring to commit money laundering. Plea Agmt., ECF No. 78; Judgment, ECF No. 171. She now moves for compassionate release, Mot., ECF No. 198, and the Government opposes, Resp., ECF No. 202. The motion is fully briefed. Reply, ECF No. 204. For the following reasons, the motion is **DENIED WITHOUT PREJUDICE**.

A compassionate release analysis involves three steps. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020). First, the Court determines whether "extraordinary and compelling" reasons warrant a sentence reduction. *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the Court must conclude that a "reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* at 1108 (emphasis in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Third, the Court must consider any applicable § 3553(a) factors

and determine "whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Id.* (cleaned up).  Here, the Court's analysis ends at the first step.

Defendant contends that there are three grounds for finding an extraordinary and compelling reason for a sentence reduction.  First, her mother recently suffered two brain aneurysms, is now blind in one eye, and requires assistance with activities of daily living that only Defendant can provide.  Mot. 3, 6–9, ECF No. 198.  Second, Defendant suffers from rheumatoid arthritis ("RA") and the Bureau of Prisons ("BOP") is not providing proper care for that condition. *Id.* at 3–4, 9–12.  Third, Defendant spent several years housed in Federal Correctional Institution ("FCI") Dublin, a facility that experienced rampant sexual abuse and harassment and has since been closed. *Id.* at 4–5, 12–13.

The Government argues that there is no extraordinary and compelling reason to warrant a sentence reduction.  First, it responds that Defendant failed to show either that her mother is incapacitated or that Defendant is the only potential caregiver.  Resp. 3–5, ECF No. 202.  Next, it contends that Defendant's medical records demonstrate that she is receiving adequate care for her RA and that any flare ups were caused by Defendant's choice to not take her medicine as prescribed. *Id.* at 5–7. Finally, the Government contends that the sexual harassment Defendant suffered at FCI Dublin, while deplorable, does not warrant release from prison. *Id.* at 7–8.

Defendant replies primarily about her mother's medical condition and her own medical condition.  Reply 1–6, ECF No. 204.

The Court has thoroughly considered the parties' briefs and evidence.  It concludes that, at this time, there is no extraordinary and compelling reason for a sentence reduction.

First, Defendant has failed to establish either that her mother requires immediate care or that Defendant is the only available caregiver.  The hospital records confirm that, in September 2025, Defendant's mother suffered a subarachnoid hemorrhage and was admitted to the intensive care unit at a California hospital.  Ex. A, ECF No. 199.  She is virtually blind and will therefore depend on assistance completing activities of daily living.  Reply Ex. A, ECF No. 207 at PAGEID # 2185.

However, Defendant's mother was still hospitalized when Defendant moved for compassionate release.  *Compare* Mot., ECF No. 198 (filed December 2025) *with* Reply Ex. A, ECF No. 207 at PAGEID ## 2184–88 (showing hospital progress notes from January 2026).  It appears that the hospital plans to discharge Defendant's mother to a subacute care facility but that a bed is not yet available.  Reply Ex. A, ECF No. 207 at PAGEID # 2185.  Defendant offers no information about when a bed is expected to become available or how long her mother is expected to remain at a subacute care facility once transferred.  Thus, with no information regarding when her mother is likely to be discharged to

family, her mother's incapacitation is not an extraordinary or compelling reason to warrant compassionate release at this time.

Further, Defendant has failed to demonstrate that she would be the only available caregiver even if her mother were to be immediately released to familial care.  For example, Defendant states that her cousin, Nikkita Anderson, cannot care for Defendant's mother because Nikkita lives 1.5 hours away from the mother and cannot leave her own son for extended periods of time.  Mot. Ex. I, ECF No. 198-7 at PAGEID # 1786.  Yet Defendant apparently reported to the BOP that, if released, she would reside with Nikkita.  Mot. Ex. C, ECF No. 198-1 at PAGEID ## 1748, 1750.  It is thus unclear how Defendant would care for her mother while living 1.5 hours away from her mother, unless both Defendant and her mother resided with Nikkita.  If Defendant's plan is for her mother to also reside with Nikkita, it is unclear why Nikkita, who works as an emergency social worker, could not care for Defendant's mother.[1]

For both these reasons, Defendant has not shown that her mother's incapacitation warrants a sentence reduction.

Next, Defendant's RA is not an extraordinary and compelling circumstance. Initially, the Court notes that it was aware of this condition at the time of sentencing and yet sentenced Defendant to 132 months' imprisonment.  PSR

---

[1] Alternatively, it is unclear why Defendant's mother could not move to Oklahoma and reside with Defendant's sister, Journee Lockett, while Journee completes her undergraduate studies.

¶ 85, ECF No. 130.  Defendant's choice to commit crimes while she suffered from a known, long-term medical condition should not be rewarded with early release from prison.

Moreover, as the Government points out, Defendant's choice to forgo her medicine seems to have caused Defendant's April and June 2025 RA flare-ups. Resp. Ex. A, ECF No. 203 at PAGEID ## 2002, 2130.  She saw a doctor for her RA in June 2025, *id.* at PAGEID # 2130, and again five months later (where she reported no pain), *id.* at PAGEID ## 1963–64.  She also had a follow-up appointment with a specialist scheduled for February 2026, Mot. Ex. B, ECF No. 199-1 at PAGEID # 1941, and it is unclear whether that appointment was kept.

Although Defendant argues that she failed to see specialists for the first four years of incarceration, the prior failure does not constitute an extraordinary and compelling reason if she is now receiving care.  At bottom, Defendant has failed to show that the BOP is not sufficiently treating her RA such that it amounts to an extraordinary and compelling reason to reduce her sentence.

Finally, although the conditions at FCI Dublin were inexcusable, *see* Mot. Ex. F, ECF No. 198-4 at PAGEID # 1779, the sexually harassing statements that Officer Ramos made to Defendant, Mot. Ex. G, ECF No. 198-5 at PAGEID # 1781, are not so extraordinary and compelling as to warrant a reduction in Defendant's sentence.  Although sexual harassment is never to be condoned, the Court notes that there is, thankfully, no indication that Defendant suffered any physical sexual abuse during her time at FCI Dublin.  Moreover, Defendant has

been transferred to a different facility, and there is no evidence that she continues to suffer sexual harassment.

As the Court finds no extraordinary and compelling reason, alone or in combination, to warrant a sentence reduction, it need not consider whether such a reason(s) are consistent with U.S.S.G. Policy Statement § 1B1.13(b)(1)(C), § 1B1.13(b)(3)(C), or § 1B1.13(b)(5), nor whether, after considering the applicable § 3553(a) factors, a reduction is warranted by the particular circumstances of this case.  Defendant's motion is thus **DENIED WITHOUT PREJUDICE** to re-filing at a later date.

The Clerk shall terminate ECF No. 198 as a pending motion.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**