**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:20-CR-187(2)** |
| **v.** | **JUDGE WATSON** |
| **MYKELL REENEESHA UNEEK HAWES** | **Response of the United States in Opposition to Defendant's Motion for Reconsideration** |

The United States opposes Defendant Mykell Hawes's Motion for Reconsideration. (R.209.) Ms. Hawes asks the Court to revisit its recent denial of her motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), asserting that the Court made three factual errors. Her motion should be denied because the newly presented information does not undermine the Court's reasons for denying relief.

## BACKGROUND

Ms. Hawes is serving a 132-month prison term following her convictions for Conspiracy to Possess with the Intent to Distribute and to Distribute Controlled Substances, and Conspiracy to Commit Money Laundering. (Judgment, R.171.) She is currently imprisoned at FCI Phoenix with an expected release date of February 11, 2028.

On December 8, 2025, Ms. Hawes filed a motion through counsel for immediate release under 18 U.S.C. § 3582(c)(1)(A). (Motion, R.198.) The Court denied the motion for three reasons. First, the Court found that Ms. Hawes had not established that her mother required immediate care or that Ms. Hawes was the only available caregiver. (Order, R.208 at 2205–06.) Second, the Court found that Ms. Hawes had not established that her rheumatoid arthritis constituted an extraordinary and compelling reason for release. (*Id.* at 2206–07.) Third, the Court found that the sexually harassing statements by a correction officer at Ms. Hawes's prior institution did not justify release. (*Id.* at 2207–08.) In light of these findings, the Court declined

to evaluate whether the sentencing factors in 18 U.S.C. § 3553(a) supported release. (*Id.* at 2208.) Ms. Hawes now seeks reconsideration, contending that the Court made "three factual errors." (Motion, R.209 at 2209.)

## ARGUMENT

Ms. Hawes's motion should be denied because she has not satisfied the standard for reconsideration and, in any event, her new information does not affect the Court's prior analysis.

Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules for the Southern District of Ohio expressly provide for motions for reconsideration. As a result, the legal standard for motions for reconsideration in criminal cases is not clearly established. This Court has previously applied "Federal Rule of Civil Procedure 59(e)'s standards for altering or amending judgment" to criminal motions for reconsideration. *United States v. Salazar*, No. 2:17-CR-179, 2019 WL 211029, at *2 (S.D. Ohio Jan. 16, 2019). Under those standards, a movant must demonstrate "'(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority.'" *Id.* (quoting *Blankenburg v. Miller*, No. 1:16-cv-505, 2017 WL 3730610, at *1 (S.D. Ohio Aug. 30, 2017)).

Ms. Hawes has not met those standards. Ms. Hawes states that (1) her mother has moved from the hospital into a nursing home, (2) Ms. Hawes intends to live with her mother if released, and (3) she has not received a follow-up appointment for her rheumatoid arthritis. (Motion, R.209 at 2210–12.) She also requests that the Court grant her compassionate release effective July 7, 2026. (*Id.* at 2212.) The information she presents does not undermine any of the Court's three reasons for denying relief.

First, the fact that Ms. Hawes's mother has moved from a hospital to a nursing home does not change the Court's finding that Ms. Hawes "has failed to establish . . . that her mother

2

requires immediate care." (Order, R.208 at 2205.) As Ms. Hawes acknowledges, her mother "will *eventually* be sent home," but her discharge "date is not yet certain." (Motion, R.209 at 2211 (emphasis added).) Ms. Hawes continues to "offer[] no information about . . . how long her mother is expected to remain at a subacute care facility." (Order, R.208 at 2205.) This development therefore does not materially alter the Court's analysis.

Second, Ms. Hawes's revised release plan does not warrant a different result. Although she now states she intends to live with her godparents in Los Angeles rather than her cousin, she still provides no meaningful information concerning her mother's treatment, prognosis, discharge date, or anticipated future care needs. Without that information, the Court cannot assess what care is required and who could provide it. Ms. Hawes bears the burden of showing both what care her mother will need and why no alternative caregivers—including Ms. Hawes's sister or professional care providers—exist, and she has not done so.

Third, the absence of a follow-up appointment for Ms. Hawes's rheumatoid arthritis does not justify reconsideration. As the Court previously explained, Ms. Hawes's medical condition was known at sentencing. (Order, R.208 at 2206.) Additionally, her 2025 flare-ups appear to have resulted from her voluntary decision not to take prescribed medication. (*Id.* at 2207.) The record indicates that her condition is being actively managed, and a single missed follow-up appointment—with no allegation of resulting deterioration—does not alter that conclusion.

In short, the three points Ms. Hawes identifies as reasons for reconsideration do not undermine the Court's prior reasoning.

Reconsideration should also be denied for the independent reason that release is not warranted under the § 3553(a) factors. As explained in the United States' prior response, the nature and circumstances of the offenses, Ms. Hawes's history and characteristics, and the need

to avoid unwarranted sentence disparities all weigh against release. Nothing in the present motion changes that analysis.

Finally, the BOP's reported approval of Ms. Hawes for halfway house placement in July does not affect the Court's analysis. The BOP is best positioned to determine appropriate reentry planning, and that determination does not bear on whether Ms. Hawes has satisfied the statutory requirements of § 3582(c)(1)(A).

## CONCLUSION

For these reasons, the Motion for Reconsideration should be denied.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

s/ Peter K. Glenn-Applegate
PETER K. GLENN-APPLEGATE (0088708)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Phone No.: (614) 469-5715
Fax No.: (614) 469-5653
Email: peter.glenn-applegate@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Response of the United States in Opposition

to Defendant's Motion for Reconsideration was served on counsel of record by filing with the

Court's CM/ECF system this 16th day of April, 2026.

s/Peter K. Glenn-Applegate
PETER K. GLENN-APPLEGATE (0088708)
Assistant United States Attorney