**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**United States of America,**

**v.**                                                                              **Case No. 2:20-cr-187**

**Mykell Reeneesha Uneek Hawes,**                          **Judge Michael H. Watson**

**Defendant.**

## OPINION AND ORDER

The Court sentenced Mykell Reeneesha Uneek Hawes ("Defendant") to 132 months of imprisonment and three years of supervised released after she pleaded guilty to conspiring to possess with intent to distribute and to distribute controlled substances and conspiring to commit money laundering.  Plea Agmt., ECF No. 78; Judgment, ECF No. 171.  On December 8, 2025, she moved for compassionate release, Mot., ECF No. 198, and the Court denied that motion, finding that there was no extraordinary and compelling reason for a sentence reduction.  ECF No. 298.  She now moves for reconsideration of the Court's decision, Mot., ECF No. 209, and the Government opposes, Resp., ECF No. 210.  For the following reasons, the motion is **DENIED WITHOUT PREJUDICE**.

The Federal Rules of Criminal Procedure and this Court's Local Criminal Rules do not explicitly provide parties to a criminal case with the opportunity to seek reconsideration of an order.  *United States v. Mathews*, No. 2:19-CR-41, 2024 WL 495539, at *1 (S.D. Ohio Feb. 8, 2024).

However, the Supreme Court has held that criminal defendants may file motions for reconsideration. *See United States v. Ibarra*, 502 U.S. 1, 6–7 (1991). In the criminal context, such motions are typically evaluated under the same standard as a motion to alter or motion to amend under Federal Rule of Civil Procedure 59(e). *United States v. Prather*, No. 1:21-CR-38, 2024 WL 1050086, at * 1 (S.D. Ohio March 11, 2024). Thus, a criminal defendant moving for reconsideration under Rule 59(e) must demonstrate a "manifest error of law," newly discovered evidence that was not previously available, or some intervening authority. *United States v. Salazar*, No. 2:17-CR-179, 2019 WL 211029, at *2 (S.D. Ohio Jan. 16, 2019).

Defendant raises three arguments in support of her motion for reconsideration. First, her mother has been released to a nursing home from the hospital, and Defendant argues that she will eventually need to become her mother's full-time caretaker. Mot., ECF No. 209. Second, Defendant clarifies that she does not intend to live with her cousin upon release and will instead live at her godparents' house with her mother. *Id.* Finally, she asserts that she is not receiving the necessary care for her rheumatoid arthritis ("RA"). *Id.*

In response, the Government argues that Defendant has not met the above standard for reconsideration because (1) despite providing information that she plans to live with her godparents, Defendant still fails to provide information regarding her mother's anticipated care needs, prognosis, or

discharge date, and (2) Defendant's RA was known at the time of sentencing. Resp., ECF No. 210.

Upon reconsideration, the Court does not find that Defendant identified any manifest error of law, presented any new evidence, or cited to an intervening authority that would warrant the Court reconsidering its prior Opinion and Order.

First, although Defendant provided evidence that could not have been presented in Defendant's previous motion (that her mother is now in a nursing home), Defendant herself states that her mother's release date from said nursing home "is not yet certain." Mot., ECF No. 209. Defendant presumably need not care for her mother while her mother resides in the nursing home, so her mother's indefinite residency in the nursing home is fatal to Defendant's motion.

Additionally, Defendant's clarified intent to live with her mother at her godparents' home does not change the fact that Defendant's mother does not currently require Defendant's care.

Finally, Defendant's argument that she is not receiving proper care for her RA based on her doctor's request for a follow-up visit in February 2026 is not enough to justify compassionate release. As this Court previously found, Defendant's RA condition was known at the time of her sentencing, she received care for the condition in June 2025, and she had the follow-up appointment scheduled for February 2026. ECF No. 208. Although Defendant asserts that this appointment has not yet been scheduled, the Court is confident that Defendant can obtain the care when she is released to a halfway house next

Case No. 2:20-cr-187                                                   Page 3 of 4

month and that compassionate release from the remainder of her sentence is not warranted.

Accordingly, the Court **DENIES** Defendant's motion.  The Clerk shall terminate ECF No. 209.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**